1  LINDA M. LAWSON (Bar No. 77130)
   LLawson@mmhllp.com
2  KHRYS WU (Bar No. 219041)
   KWu@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
5  Facsimile: (213) 625-1930        E-filing

6  Attorneys for Defendant
   COLORADO BANKERS LIFE INSURANCE
7  COMPANY

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  LESLIE HUMPHREY,                )  Case No.
                                    )
12             Plaintiff,           )  NOTICE OF REMOVAL OF ACTION
                                    )  TO UNITED STATES DISTRICT
13     vs.                          )  COURT
                                    )
14  COLORADO BANKERS LIFE           )  [San Francisco Superior Court Case No.
    INSURANCE COMPANY, and DOES     )  CGC-08-473346]
15  1 through 50, inclusive,        )
                                    )  Complaint Filed:  March 14, 2008
16             Defendant.           )
                                    )
17  ─────────────────────────────────)

18      TO THE DISTRICT COURT OF THE UNITED STATES, NORTHERN

19  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF

20  RECORD:

21      PLEASE TAKE NOTICE that on May 21, 2008, defendant COLORADO

22  BANKERS LIFE INSURANCE COMPANY (hereinafter referred to as "CBL"),

23  contemporaneously with the filing of this Notice, is effecting the removal of the

24  above referenced civil action, Case No. CGC-08-473346, from the Superior Court of

25  the State of California, for the County of San Francisco, to the United States District

26  Court, for the Northern District of California, based upon diversity jurisdiction

27  pursuant to 28 U.S.C. Sections 1332, 1441(b) and 1446, in that the suit has been

28  brought between citizens of different states and the amount in controversy exceeds

LAW OFFICES
MESERVE
MUMPER &
HUGHES LLP

99406.1                          1                    NOTICE OF REMOVAL OF ACTION TO
                                                      UNITED STATES DISTRICT COURT

LINDA M. LAWSON (Bar No. 77130)
LLawson@mmhllp.com
KHRYS WU (Bar No. 219041)
KWu@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
COLORADO BANKERS LIFE INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HUMPHREY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>COLORADO BANKERS LIFE INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>                    Defendant. | Case No.<br><br>NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT<br><br>[San Francisco Superior Court Case No. CGC-08-473346]<br><br>Complaint Filed: March 14, 2008 |

TO THE DISTRICT COURT OF THE UNITED STATES, NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 21, 2008, defendant COLORADO BANKERS LIFE INSURANCE COMPANY (hereinafter referred to as "CBL"), contemporaneously with the filing of this Notice, is effecting the removal of the above referenced civil action, Case No. CGC-08-473346, from the Superior Court of the State of California, for the County of San Francisco, to the United States District Court, for the Northern District of California, based upon diversity jurisdiction pursuant to 28 U.S.C. Sections 1332, 1441(b) and 1446, in that the suit has been brought between citizens of different states and the amount in controversy exceeds

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93406.1                                                1                              NOTICE OF REMOVAL OF ACTION TO
                                                                                      UNITED STATES DISTRICT COURT

1   the sum of $75,000, exclusive of costs and interest.  The suit is one of a civil nature

2   over which the United States District Court has original jurisdiction.

3       The removal is based on the following grounds:

4

5   **I.     TIMELINESS.**

6       1.     On or about March 14, 2008, plaintiff LESLIE HUMPHREY

7   (hereinafter "Plaintiff") commenced this action by filing a Complaint in the Superior

8   Court of the State of California for the County of San Francisco, entitled <u>Leslie</u>

9   <u>Humphrey v. Colorado Bankers Life Insurance Company, et al.</u>, designated Case

10  No. CGC-08-473346.

11      2.     CBL first received a copy of the Summons and Complaint on April 22,

12  2008.  True and correct copies of the Summons and Complaint served upon CBL are

13  attached hereto and incorporated herein as Exhibit "A."  No prior pleading or paper

14  has been received by or served on CBL.

15      3.     The Removal is therefore timely under 28 U.S.C. Section 1446(b) in

16  that CBL has filed this Notice of Removal of Action within one (1) year of

17  commencement of this action and within thirty (30) days of having first received the

18  Summons and Complaint.

19

20  **II.    JOINDER.**

21      4.     There are no defendants that are required to join in this removal.  All

22  remaining defendants are fictitiously named and need not be considered for

23  purposes of removal.  28 U.S.C. § 1441(a).

24

25  **III.   JURISDICTION.**

26      5.     This action has been removed to this Court based upon diversity

27  jurisdiction pursuant to 28 U.S.C. Sections 1332(a)(1), 1332(c)(1) 1441, and 1446 in

28  that the suit has been brought between citizens of different states and the amount in

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93406.1                                2                    NOTICE OF REMOVAL OF ACTION TO
                                                           UNITED STATES DISTRICT COURT

1  controversy exceeds the sum of $75,000, exclusive of costs and interest, as set forth

2  more fully below.  The suit is one of a civil nature over which the United States

3  District Court has original jurisdiction.

### A.    Citizenship of CBL.

6.    Defendant CBL is a corporation incorporated in the State of Colorado, with its principal place of business in the State of Colorado.

### B.    Citizenship of Plaintiff.

7.    CBL is informed and believes, and on that basis alleges, that Plaintiff was, at the time of commencement of this action, and is now, a resident and citizen of the State of California.

### C.    Amount in Controversy.

8.    Plaintiff seeks recovery of benefits allegedly due to him as an insured under the terms and conditions of a life insurance policy (hereinafter "Policy"), issued to Plaintiff.  [Complaint, ¶¶ 1-2, 10-13 and Prayer].

9.    Plaintiff has alleged in his Complaint that pursuant to the Policy, he is entitled to **$82,500** in benefits, exclusive of interest or costs.  [Complaint, ¶¶ 10, 15].

10.    Additionally, by filing this unlimited civil action in the Superior Court, Plaintiff is attesting that the amount in controversy at least meets the jurisdictional limit of the Superior Court, or **$50,000**.

11.    The foregoing sum is also exclusive of the general, emotional distress and attorneys' fees damages that Plaintiff seeks through his Complaint.  [Complaint, ¶¶ 19, 25, 31 and Prayer]; See Galt G/S v. JSS Scandinavia, 142 F. 3d 1150 (9th Cir. 1998) (holding that attorneys' fees that plaintiffs can recover as a matter of law must be considered by the Court in calculating the amount in controversy).  Plaintiff can also seek and potentially recover attorneys' fees under state law, pursuant to Brandt

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93406.1

3

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1 | v. Superior Court (Standard Ins.), (1985) 37 Cal. 3d 813, 817, 210 Cal. Rptr. 211,
2 | 213 (a plaintiff can potentially recover attorneys' fees as a measure of damages
3 | under a breach of the implied covenant of good faith and fair dealing, and attorneys'
4 | fees must also be considered by the Court in assessing the amount in controversy of
5 | the action). Thus, these amounts must also be considered in calculating the amount
6 | in controversy.

7     12.   Furthermore, in calculating the amount in controversy, the Court must
8 | also consider exemplary and punitive damages that Plaintiff can recover as a matter
9 | of law. See Surber v. Reliance Nat'l Indem. Co., (N.D. Cal. 2000) 110 F. Supp. 2d
10 | 1227, 1232, citing Richmond v. Allstate Ins. Co., (S.D. Cal. 1995) 897 F. Supp. 447,
11 | 450. In his Complaint, Plaintiff has included claims for "Breach of the Implied
12 | Covenant of Good Faith and Fair Dealing" and "Fraud." [Complaint, pp. 4-7].
13 | Under state law, Plaintiff can therefore seek and potentially recover punitive and/or
14 | exemplary damages. See Silberg v. California Life Ins. Co., (1974) 11 Cal. 3d 452,
15 | 462; Neal v. Farmers Ins. Exch., (1978) 21 Cal. 3d 910, 922-23, 148 Cal. Rptr. 289,
16 | 395-96. Moreover, Plaintiff specifically seeks punitive damages through his
17 | Complaint. [Complaint, ¶¶ 26, 32 and Prayer].

18     13.   In light of the fact that Plaintiff alleges in his Complaint that he is
19 | entitled to **$82,500** in benefits pursuant to the Policy, **general damages** for
20 | emotional distress, **punitive and/or exemplary damages**, other **incidental**
21 | **damages**, and **attorneys' fees**, the amount in controversy in this case, exclusive of
22 | interest and costs, clearly exceeds the jurisdictional requirement of this Court.

23

24 | **IV.**   **PROCESS.**

25     14.   True and correct copies of all process, pleadings, and orders, other than
26 | the Complaint and Summons, are attached hereto as Exhibit "B." CBL has received
27 | no other process, pleadings or orders.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93406.1

4

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1    15.    On May 16, 2008, CBL filed an Answer to Plaintiff's Complaint in the

2    Superior Court of the State of California, for the County of San Francisco.  A true

3    and correct copy of the Answer is attached hereto and incorporated herein as Exhibit

4    "C."

5    16.    On May 21, 2008, a copy of this Notice was filed with the Clerk of the

6    Superior Court of the State of California, for the County of San Francisco.

7    WHEREFORE, CBL prays that the above action pending in the Superior

8    Court for the County of San Francisco be removed from that court to this Court.

9

10   Dated:  May  21, 2008                    MESERVE, MUMPER & HUGHES LLP
                                              LINDA M. LAWSON
11                                            KHRYS WU

12                                            By: _____

13                                                Khrys Wu
                                                  Attorneys for Defendant
14                                                COLORADO BANKERS LIFE
                                                  INSURANCE COMPANY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

04/22/2008  02:16   19167220619      UNE LEGAL            EMPLOYERS 1ST CHOICE          PAGE  02
                                                          (FAX)1+510+873+0984          P. 003/031

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COLORADO BANKERS LIFE INSURANCE COMPANY, and DOES
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
LESLIE HUMPHREY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CGC-08-473346 |

SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gordon Park-Li

| DATE: | MAR 1 4 2008 | Clerk, by | | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Colorado Bankers Life Insurance Company
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 415.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

10945035.tf - 4/21/2008 4:17:46 PM

Exhibit A                                                000006

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 MAR 14 · AH 1:08

COPY OF ORIGINAL CLERK

1  E. Gerard Mannion (State Bar #77287)
2  Wesley M. Lowe (State Bar # 111761)
   MANNION & LOWE
3  655 Montgomery Street, Suite 1200
   San Francisco, California 94111
4  Telephone: (415) 733-1050
   Fax: (415) 434-4810

CASE MANAGEMENT CONFERENCE SET.  BY:

5  Attorneys for Plaintiff
   LESLIE HUMPHREY                              AUG 1 5 2008 -9:00AM

6

7                                               DEPARTMENT 212

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF SAN FRANCISCO

10                      UNLIMITED JURISDICTION

11

12  LESLIE HUMPHREY,                    )  Case No.  CGC-08-473346
                                        )
13          Plaintiff,                  )
                                        )  COMPLAINT FOR BREACH OF
14  vs.                                 )  CONTRACT, BREACH OF IMPLIED
                                        )  COVENANT OF GOOD FAITH AND
15  COLORADO BANKERS LIFE               )  FAIR DEALING, AND FRAUD
    INSURANCE COMPANY, and DOES 1       )
16  through 50, inclusive,              )  DEMAND FOR TRIAL BY JURY
                                        )
17          Defendants.                 )
                                        )
18

19      Plaintiff alleges:

20                      GENERAL ALLEGATIONS

21      1. Plaintiff Leslie Humphrey is the insured under a written policy of life insurance issued by,

22  through and/or on behalf of defendant Colorado Bankers Life Insurance Company.  The policy of life

23  insurance contains a Critical Condition Accelerated Benefit Rider which is made a part of the

24  insurance policy.

25      2. Plaintiff and defendant Colorado Bankers Life Insurance Company entered into the policy

26  of life insurance in San Francisco, California on or about November 27, 1998.

                                          1

Complaint and Demand for Trial by Jury

10945035.tif - 4/21/2008 4:17:46 PM

04/22/2008  02:18   19167220619                    EMPLOYERS 1ST CHOICE                PAGE  04
APR-21-2008(MON) 16:03   ONE LEGAL                    (FAX)1+510+873+0984              P. 005/031

3.  Plaintiff is informed and believes and thereupon alleges that at all times relevant that defendants Colorado Bankers Life Insurance Company and Does 1 - 25, were and are corporations, businesses or other entities engaged in the business of insurance and authorized to transact business in the State of California.  Plaintiff is informed and believes and thereon alleges that defendants Colorado Bankers Life Insurance Company and Does 1 - 25 are part of a single enterprise and/or joint venture and/or conglomerate that combine their resources and functions to carry out a single business enterprise for profit.

4.  Defendants Colorado Bankers Life Insurance Company and Does 1 - 25 are corporations, businesses, or other entities engaged in the business of insurance, including but not limited to: underwriting insurance policies, issuing policies, establishing standards, practices, and procedures affecting the business of insurance, handling claims, managing insurance companies and/or insurance holding companies, and, providing insurance coverage.

5.  Each of the defendants, Colorado Bankers Life Insurance Company and Does 1 - 25, was authorized, controlled, and/or directed by the other defendants with regard to these insurance related functions.

6.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 - 50, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of defendants sued herein as Does 1 - 50, inclusive, when the same are ascertained. Plaintiff is informed and believes and thereon alleges that the fictitiously named defendants are legally responsible for the matters alleged and set forth herein. Plaintiff further alleges that defendants' actions and/or inactions legally caused or contributed to plaintiff's injuries and damages as alleged herein.

7.  The use of the term "defendants" at any place in this complaint is intended to include all named defendants, and all defendants designated as Does 1 - 50, inclusive, unless the context of the sentence or particular cause of action indicates otherwise.

8.  Each of the defendants was acting as the agent, servant, associate, employee, co-

2

Complaint and Demand for Trial by Jury

10945035.tif - 4/21/2008 4:17:46 PM

04/22/2008  02:18  19167220619          EMPLOYERS 1ST CHOICE          PAGE  05
APR-21-2008(MON) 16:03   ONE LEGAL             (FAX)1+510+873+0984         P. 006/031

1   conspirator, or joint venturer of each of the other defendants and each of the defendants authorized,
2   ratified, approved, directed, consented to, or encouraged all of the acts of each of the other
3   defendants.

4       9.  Each corporate defendant was a subsidiary, parent, or alter ego of the other defendants and
5   was sufficiently involved in the management of the other defendants so that it was responsible for
6   the acts of the other defendants and each corporate defendant controlled the other defendants.

7       10.  Plaintiff is insured under a written policy of insurance, the relevant portions of which is
8   attached as Exhibit 1, and incorporated herein by reference.  The policy provides a benefit in the face
9   amount of $82,500.

10      11.  In or around May 2007, plaintiff was diagnosed with liver cancer.

11      12.  Thereafter, plaintiff made a claim for the benefits under the Critical Condition
12  Accelerated Benefit Rider by providing due proof to defendant Colorado Bankers Life Insurance
13  Company.

14      13.  On or about January 17, 2008, defendant Colorado Bankers Life Insurance Company
15  informed plaintiff that his claim was denied and would not be honored.

16              FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

17      14.  Plaintiff incorporates by reference all of the General Allegations.  Plaintiff brings this
18  cause of action against defendants Colorado Bankers Life Insurance Company and Does 1-5.

19      15.  These defendants, by their duly authorized employees, representatives, and/or agents,
20  executed and delivered to plaintiff a written policy of insurance, the relevant portion of which is
21  attached as Exhibit 1.  The essential terms of the policy provided that the defendants would pay
22  100% of the face amount of the policy upon due proof that plaintiff has been diagnosed with a
23  Critical Condition.  Plaintiff has been diagnosed with liver cancer which qualifies as a Critical
24  Condition under the terms of the policy.

25      16.  All premiums due under the policy were paid.  At all times relevant, plaintiff complied
26  with all necessary terms and conditions of the policy.

3

Complaint and Demand for Trial by Jury

10945035.tif - 4/21/2008 4:17:46 PM

04/22/2008  02:18   19167220619         EMPLOYERS 1ST CHOICE          PAGE  06
APR-21-2008(MON) 16:03   ONE LEGAL                    (FAX)1+510+873+0984        P. 007/031

1    17.  Defendants breached the policy by failing to pay the amount of insurance due under the

2    policy and by failing to abide by the implied covenant of good faith and fair dealing.

3    18.  Defendants are estopped and/or are barred by law and the terms of the policy from

4    denying coverage under the policy and/or have waived the right to deny coverage under the policy

5    because of their conduct, including accepting premium payments after learning of plaintiff's past

6    medical conditions and medical history.

7    19.  As a direct and proximate consequence of defendants' breach of contract, plaintiff

8    suffered damages including, but not limited to, loss of policy benefits, interest, and other

9    compensatory damages.

10   WHEREFORE, plaintiff prays for judgment as set forth below.

11   SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED
     COVENANT OF GOOD FAITH AND FAIR DEALING

12

13   20.  Plaintiff incorporates by reference all of the preceding allegations as though fully set

14   forth herein.  Plaintiff brings this cause of action against defendants Colorado Bankers Life Insurance

15   Company and Does 1-5.

16   21.  At all times relevant to the allegations in this complaint, the defendants owed plaintiff a

17   duty of good faith and fair dealing with respect to the payment of insurance benefits and covenanted

18   that they would do nothing to impair plaintiff's rights to receive the benefits owed under the

19   insurance policy.

20   22.  At all times relevant to the allegations in this complaint, the defendants violated the

21   covenant of good faith and fair dealing by the following:

22   A.  Unreasonably failing to investigate or evaluate plaintiff's claim fairly or in good

23   faith;

24   B.  Failing to promptly investigate plaintiff's claim;

25   C.  Unreasonably failing to thoroughly and fairly investigate all information

26   reasonably available to them and/or ignoring relevant information so that they could ignore their

     obligation to honor plaintiff's claim;

4

Complaint and Demand for Trial by Jury

10945035 - 4/21/2008 4:17:45 PM

04/22/2008  02:18   19167220619              EMPLOYERS 1ST CHOICE              PAGE  07
APR-21-2008(MON) 16:04   ONE LEGAL                  (FAX)1+510+873+0984        P. 008/031

1       D.    Unreasonably failing to investigate all bases upon which to pay and honor

2   plaintiff's claim for benefits and unreasonably failing to investigate all bases to support coverage;

3       E.    Unreasonably refusing and continuing to refuse to pay plaintiff benefits properly

4   payable under policy of insurance and to deprive plaintiff of his rightful benefits with the knowledge

5   that said refusals and denials were and are wrongful and contrary to their obligations under the law;

6       F.    Unreasonably failing and refusing to give plaintiff's interest at least as much

7   consideration as they gave their own and placing their interests ahead of the interest of plaintiff;

8       G.    Unreasonably failing to adopt and implement reasonable or proper standards

9   applicable to the prompt and fair investigation and processing of plaintiff's claim;

10      H.    Unreasonably failing to attempt in good faith to effectuate a prompt, fair, and

11  equitable settlement of plaintiff's claim even though liability therefore was and is reasonably clear;

12      I.    Refusing to pay plaintiff's claim with the knowledge that plaintiff's claim is

13  payable and with the intent of saving money at plaintiff's expense;

14      J.    Consciously adopting strained and unreasonable coverage positions and/or

15  analyses in order to come up with plausible sounding but wrongful and erroneous justifications for

16  denying plaintiff's claim;

17      K.    Unreasonably refusing or failing to follow the standards imposed by the law, the

18  California Insurance Code and/or the regulations promulgated by the California Department of

19  Insurance;

20      L.    Misrepresenting the terms and effect of provisions of the insurance policy in an

21  attempt to deceive plaintiff in order to prevent him from recovering the benefits due him under the

22  insurance policy; and

23      M.    Attempting to deny the claim based on grounds that they knew or should have

24  known that they are estopped from raising and/or barred by law and the terms of the policy from

25  asserting or relying upon as a basis for denial or which they have waived any right to assert as a basis

26  for denial.

9

Complaint and Demand for Trial by Jury

18045035.H - 4/21/2008 4:17:46 PM

04/22/2008  02:18   15057220619          EMPLOYERS 1ST CHOICE        PAGE  08
APR-21-2008(MON) 16:04     BNE LEGAL            (FAX)1+510+873+0984        P. 009/031

1      Plaintiff believes that there may be additional acts or omissions constituting a breach of the

2   implied covenant of good faith and fair dealing, and will present the same, either in discovery or at

3   the trial of this action.

4          23.  Defendants refused to honor their obligations under the policy of insurance and took the

5   actions alleged in the previous enumerated paragraph in order to retaliate against plaintiff and/or in

6   order to hold onto the money which they would have had to spend in providing the benefits to

7   plaintiff so that they could earn interest or return on investment on that money for their own benefit,

8   even though they knew they were obligated to spend it on plaintiff's behalf.  In doing the acts alleged

9   above, defendants knowingly and consciously ignored plaintiff's rights, and their obligations to

10  plaintiff and did these acts intentionally and/or as part of a business practice designed to unfairly

11  maximize defendants' profits at the expense of plaintiff.

12         24.  Plaintiff is further informed and believes and thereon alleges that the defendants decided

13  to use their economic power and might to oppress plaintiff and subject him to cruel and unjust

14  hardships in conscious disregard of his rights.  In addition, the defendants have refused the payment

15  of policy benefits at a time they knew, or should have known, that plaintiff needed the money and

16  would suffer hardship if he did not receive prompt payment.  The defendants knew that litigation is

17  an expensive process and expected that plaintiff would not have the wherewithal, ability, and/or

18  strength to bring suit and force defendants to pay the money to which plaintiff is owed.  The

19  defendants stonewalled and/or misrepresented the applicable policy provisions in the hope and/or

20  expectation that plaintiff would be unable and/or unwilling to file suit.  By doing so, the defendants

21  would be able to retain the money which they knew was owed to plaintiff and use the money for their

22  own benefit, including earning interest or investment income on it.  In taking these positions,

23  defendants acted maliciously, oppressively and fraudulently towards plaintiff.

24         25.  As a direct and proximate result of the acts of defendants, plaintiff suffered damages,

25  including but not limited to, the loss of contract benefits, loss of interest, emotional distress, loss of

26  time, attorneys' fees and costs, and other consequential damages in a sum to be proven at the trial of

6

Complaint and Demand for Trial by Jury

10945035.5 · 4/21/2008 4:17:46 PM

04/22/2008  02:18   19167220619              EMPLOYERS 1ST CHOICE                    PAGE  09
APR-21-2008(MON) 16:04   ONE LEGAL                        (FAX)  +510+873+0904          P. 010/034

1   this action.

2       26. In doing the acts set forth above, defendants acted maliciously, oppressively,

3   fraudulently, and in knowing and conscious disregard of plaintiff's rights, thereby justifying an

4   award of punitive damages in a sum to be determined by judge or jury.

5       WHEREFORE, plaintiff prays for judgment as set forth below.

6                THIRD CAUSE OF ACTION FOR FRAUD

7       27. Plaintiff incorporates by reference all of the preceding allegations as though fully set

8   forth herein. This cause of action is brought against defendants Colorado Bankers Life Insurance

9   Company and Does 1-5.

10       28. These defendants, by and through their employees and agents, represented and promised

11   that the written policy of life insurance would provide coverage for certain critical conditions and

12   that this coverage would take effect and policy benefits would be provided at the moment he

13   submitted due proof of the occurrence of one of the specified critical conditions.

14       29. The representations and promises made by the defendants were false, and at the time

15   defendants made them, they knew that their representations and promises were false and that they did

16   not intend to perform as promised. Alternatively, the representations and promises were made

17   recklessly and without regard for the truth.

18       30. These defendants made the representations and promises with the intent to have plaintiff

19   rely on them. Plaintiff reasonably relied on the representations and promises to his detriment by

20   making premium payments and otherwise.

21       31. As a direct and proximate result of the acts of defendants, plaintiff suffered damages,

22   including but not limited to, the loss of contract benefits, loss of interest, emotional distress, loss of

23   time, attorneys' fees and costs, and other consequential damages in a sum to be proven at the trial of

24   this action.

25       32. In doing the acts set forth above, defendants acted maliciously, oppressively,

26   fraudulently, and in knowing and conscious disregard of plaintiff's rights, thereby justifying an

7

Complaint and Demand for Trial by Jury

10945035.tif - 4/21/2008 4:17:46 PM

04/22/2008  02:18  19167220619          EMPLOYERS 1ST CHOICE                PAGE  10
APR-21-2008(MON) 16:01   ONE LEGAL              (FAX)1+510+873+0984         P. 011/031

1   award of punitive damages in a sum to be determined by judge or jury.

2          WHEREFORE, plaintiff prays for judgment as set forth below:

3          1.     For special damages according to proof;

4          2.     For general and consequential damages according to proof;

5          3.     For attorneys' fees and litigation expenses according to proof;

6          4.     For punitive damages against the defendants in a sum to be determined by judge or

7   jury;

8          5.     For interest on all damages including interest under Civil Code §§3287 and 3288;

9          6.     For costs of suit herein incurred;

10         7.     For such other and further relief as the Court may deem proper.

11   Dated: March 14 2008                    MANNION & LOWE
12                                            A Professional Corporation

13                                    By: _Wesley M Lowe_
14                                            Wesley M. Lowe
                                              Attorney for Plaintiff
15                                            LESLIE HUMPHREY

16                           DEMAND FOR TRIAL BY JURY

17         Plaintiff hereby demands trial by jury.

18   Dated: March 14 2008                     MANNION & LOWE
19                                            A Professional Corporation

20                                    By: _Wesley M Lowe_
21                                            Wesley M. Lowe
                                              Attorney for Plaintiff
22                                            LESLIE HUMPHREY

23

24

25

26



8

Complaint and Demand for Trial by Jury

10945035.tif - 4/21/2008 4:17:46 PM

04/22/2008  02:18  19167228819                      EMPLOYERS 1ST CHOICE              PAGE  11
APR-21-2008(MON) 15:04    ONE LEGAL                    (FAX)1+510+873+0984              P.012/031

1 | E. Gerard Mannion (State Bar #77287)
  | Wesley M. Lowe (State Bar # 111761)
2 | MANNION & LOWE
  | 655 Montgomery Street, Suite 1200
3 | San Francisco, California 94111
  | Telephone: (415) 733-1050
4 | Fax: (415) 434-4810
5 | Attorneys for Plaintiff
  | LESLIE HUMPHREY
6
7

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

APR 1 7 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

8 |                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                      IN AND FOR THE COUNTY OF SAN FRANCISCO

10 |                              UNLIMITED JURISDICTION

11 | LESLIE HUMPHREY,                          ) Case No. CGC-08-473346
12 |                 Plaintiff,                ) ERRATA
13 | vs.                                       ) EXHIBIT 1 TO THE COMPLAINT FOR
14 |                                           ) BREACH OF CONTRACT, BREACH OF
15 | COLORADO BANKERS LIFE                     ) IMPLIED COVENANT OF GOOD
    | INSURANCE COMPANY, and DOES 1           ) FAITH AND FAIR DEALING, AND
16 | through 50, inclusive,                    ) FRAUD
17 |                 Defendants.               )
18 |

19 |      Plaintiff inadvertently omitted attaching Exhibit 1 to the Complaint and therefore now

20 | attaches Exhibit 1.

21

22 | Dated: April 17, 2008                     MANNION & LOWE
23 |                                           A Professional Corporation
24 |                                           By: _Wesley M. Lowe_
25 |                                               Wesley M. Lowe
    |                                               Attorney for Plaintiff
26 |                                               LESLIE HUMPHREY
27
28

                                        1

ERRATA - EXHIBIT 1 TO COMPLAINT

1094503S.W - 4/21/2008 4:17:45 PM

04/22/2008  02:18   19167220613                EMPLOYERS 1ST CHOICE             PAGE  12
APR-21-2008(MON) 16:04    ONE LEGAL             (FAX)1+510+8734+9984            P. 013/031

# COLORADO BANKERS LIFE INSURANCE COMPANY

### 5990 Greenwood Plaza Boulevard
### Englewood, Colorado 80111

Colorado Bankers Life Insurance Company is the Company writing this policy. "We", "us" or "our" refers to the Company. "You" or "your" refers to the Owner of this policy. We will pay the Face Amount of this policy, subject to its provisions, if the Insured's death occurs while this policy is in full force during the original term period designated in this policy or during any renewal term period. Payment will be made to your Beneficiary upon receipt at our Home Office of due proof of the Insured's death.

This policy is issued in consideration of the application for it and the payment of the premiums.

The Policy Specifications page and the conditions and provisions on this and the following pages are part of the policy.

### NOTICE OF THIRTY DAY RIGHT TO EXAMINE POLICY

This Policy may be returned for any reason, up to 30 days after it is received, and a full refund of any premiums paid will be given. This Policy should be mailed or delivered to us or to the insurance agent through whom it was obtained. When so returned, this Policy is void from its beginning.

Signed by the Company at Englewood, Colorado

MICHAEL J.B. STONE, SECRETARY                         PAUL ANDREWS, PRESIDENT

### RENEWABLE AND CONVERTIBLE TERM LIFE POLICY

Renewable to age 70, convertible to age 65. Premiums payable during the lifetime of the Insured prior to age 70. Face amount payable at death of the Insured during term period.

### THIS POLICY IS NON-PARTICIPATING

RCT-398                                                                                PAGE 1

10946095.01 - 4/21/2008 4:17:46 PM

04/22/2008  02:18  18167220619                    EMPLOYERS 1ST CHOICE            PAGE  13
APR-21-2008(MON) 16:05   ONE LEGAL                 (FAX) 1+510+873+0984           P. 014/031

## POLICY SPECIFICATIONS

BASE POLICY                                      Insured : LESLIE H HUMPHREY

   Renewable and Convertible Term Life Policy (RCT-398)    POLICY NUMBER : 0702786

RIDERS                                           Social Security Number : 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

   Critical Condition Accelerated Benefit Rider (RCT-398)   Age : 42

                                                 Sex : Male

                                                 Premium Class : Nonsmoker

                                                 Face Amount : $ 82,886

End of Initial Benefit Period : 12/14/2008       Policy Date : 12/15/1998

Beneficiary
      As named in the application, subject to changes
      provided in the policy.

### Schedule of Monthly Premiums

| Premium Due Dates | Term Policy | Critical Condition Rider | Total Premium |
|---|---|---|---|
| 12/15/1998 - 12/14/2008 | $   39.68 | $   20.33 | $   60.01 |
| 12/15/2008 - 12/14/2018 | $  103.13 | $   46.82 | $  149.95 |
| 12/15/2018 - 09/18/2026 | $  204.76 | $   75.35 | $  280.11 |

Premiums may be paid annually, semi-annually, quarterly, or monthly. Premiums for the first 10-year period are:

| | |
|---|---|
| Annual | $   660.00 |
| Semi-Annual | $   343.00 |
| Quarterly | $   175.50 |
| Monthly | $   60.00 |

COLORADO BANKERS LIFE INSURANCE COMPANY
Englewood, Colorado

RCT-398                                                          PAGE 3

10046035.tf - 4/23/2008 4:17:46 PM

**Incontestability**

Statements made while applying for this policy are, in the absence of fraud, representations and not warranties. We cannot use any such statements to consent the validity of this policy or to deny a claim unless it is written in the initial application or in a supplemental application. We cannot contest the initial policy death benefit after it has been in force during the Insured's lifetime for two years from the Policy Date.

Any increase in the death benefit for this policy for which you submit an application will be incontestable after the increase has been in force during the Insured's lifetime for two years from the effective date of the increase. Any contest of the increase in death benefit will be based on the application for the increase.

If this policy is reinstated, the statements in the application for reinstatement will be incontestable after the policy has been in force during the Insured's lifetime for two years from the effective date of the reinstatement. Any contest of the reinstatement of this policy will be based on the application for reinstatement.

RCT-398

Page 5

10945035.6 - 4/21/2008 4:17:48 PM

04/22/2008  02:18  19167220619                    EMPLOYERS 1ST CHOICE           PAGE  16
APR-21-2008(MON) 16:05    ONE LEGAL                   (FAX)1+510+873+0984           P. 017/031

COL___ TACO BANKERS LIFE INSURANCE C___ __PANY

CRITICAL CONDITION ACCELERATED BENEFIT RIDER

Benefits paid under this Rider may be taxable. If so, you or your Beneficiary may incur a tax obligation. As with all tax matters, a personal tax advisor should be consulted to assess the impact of this benefit. Benefits of the Rider are not available if the Policy to which it is attached is not in force. Benefits payable under this Rider will reduce benefits payable under the Policy.

This Rider is made a part of the Policy to which it is attached. The terms of your Policy also apply to this Rider except as they are changed by the terms of this Rider.

Benefit Amount

The Benefit Amount payable under this Rider in the event of proof of the first occurrence of a Covered Condition will be:

(1)  100% of the current Death Benefit of the Policy for Heart Attack, Stroke, Life-Threatening Cancer, Major Organ Transplant, Renal Failure, or Terminal Illness.

(2)  25% of the current Death Benefit of the Policy for Major Heart Surgery or HIV Infection resulting from a Blood Transfusion. Major Heart Surgery is comprised of Coronary By-Pass Surgery, Heart Valve Surgery, or Aorta Surgery. (The Major Heart Surgery and HIV benefit are only payable once.)

(3)  10% of the current Death Benefit of the Policy for Angioplasty Surgery. (This benefit is only payable once.)

(4)  An Annual Benefit for Social Security Disability equal to 10% of the current Death Benefit of the Policy for five years, followed a year later by a final payment equal to the remaining Death Benefit of the Policy at that time. For this benefit, the current Death Benefit is calculated as of the date the first payment is made.

On the Eligibility Date, if the Insured qualifies under (1) above, the full Death Benefit will be paid to you and the Policy and this Rider will terminate with no further benefits payable under the Policy or this Rider.

On the Eligibility Date, if the Insured qualifies under (2) above, and a 25% benefit is paid, the Death Benefit of the Policy will be reduced to 75% of its amount prior to the Eligibility Date, based on the amount of benefit paid.

On the Eligibility Date, if the Insured qualifies under (3) above, and a 10% benefit is paid, the Death Benefit of the Policy will be reduced to 90% of its amount prior to the Eligibility Date, based on the amount of benefit paid.

At any time a benefit is paid for Social Security Disability, the Death Benefit of the Policy will be reduced by the amount of the disability benefit paid.

Any return of premium payable under the Policy due to suicide, within 2 years from the date of issue of this Rider, will be reduced by any previously paid Benefit Amount.

When a partial benefit is paid as described in (2), (3) or (4) above, as of the Eligibility Date, the Face Amount of the Policy will be reduced by the amount of benefit paid. Any partial payments will also reduce any future benefits available under the Policy and this Rider, and the premium will be reduced to reflect the reduction. The premium reduction will not be pro-rata because the Policy premium includes a policy fee which does not vary with the Face Amount and which will not be reduced.

Entitlement to Benefit

The Benefit Amount will be payable to you upon due proof of the occurrence of any one of the Covered Conditions defined below. The condition must first manifest itself on or after the 30th day following the Rider Effective Date, except that for Life-Threatening Cancer the condition must first manifest itself at least 60 days after the Rider Effective Date. The Policy and this Rider must be in force at the time of the occurrence.

CCR-398                                                                                            Page 2

* 1045103-4/21/2008 4:17:46 PM

## Eligibility for Benefit

This benefit will be payable to you upon due proof of the occurrence of any one of the Covered Conditions defined below, while this Rider and the Policy are in force. A partial benefit paid under this Rider (as in (2) and (3) "Benefit Amount", above) is payable only once regardless of the subsequent occurrence of the same or a similar condition. A similar condition includes any condition mentioned within the same category under a Covered Condition.

Eligibility is also subject to the following additional conditions:

(1) The Policy must not be assigned;

(2) If you have named an irrevocable Beneficiary, that Beneficiary must consent in writing in order for you to receive a Benefit Amount; and

(3) If the Policy is "Community Property", you will need your spouse's written consent in order to receive a Benefit Amount.

## Eligibility Date

Provided that the date is at least thirty (30) days after the Rider Effective Date, or at least sixty (60) days after the Rider Effective Date for Life-Threatening Cancer, the Eligibility Date for a Covered Condition will be:

(1) For Heart Attack or Stroke, the date of diagnosis as defined below;

(2) For Life-Threatening Cancer, the date of diagnosis;

(3) For Major Organ Transplant, the date of transplant surgery;

(4) For Renal Failure, the earlier of the date regular dialysis begins or the date renal transplantation takes place;

(5) For Terminal Illness, the date of diagnosis;

(6) For Major Heart Surgery or Angioplasty, the date surgery takes place;

(7) For HIV Infection resulting from a Blood Transfusion, the date of the first positive HIV test;

(8) For Social Security Disability, the date of the first disability payment as designated by the Social Security Administration.

## Covered Conditions

The following conditions are Covered Conditions. If a condition is not listed in this subsection it is not covered under this Rider.

(1) We will pay 100% of the current Death Benefit of the Policy for the following Covered Conditions:

(a) Heart Attack: Death of a portion of the heart muscle (myocardium) resulting from a blockage of one or more coronary arteries.

Diagnosis of a Heart Attack requires all three of the following criteria:

i.   clinical picture of myocardial infarction;
ii.  new electrocardiographic (EKG) findings consistent with myocardial infarction; and
iii. elevation of cardiac enzymes above standard laboratory levels of normal (in case of creatine phosphokinase (CPK), a CPK-MB measurement must be used.)

CCR-398                                                                    Page 3

10945035.1 - 4/21/2008 4:17:45 PM

(b) Stroke:  Any acute cerebral vascular accident producing neurological impairment and resulting in paralysis or other measurable objective neurological deficit persisting for at least thirty (30) days.  After a neurological deficit has persisted for at least thirty (30) days, the Eligibility Date will be the initial date of loss.  This definition of stroke will specifically exclude Transient Ischemic Attacks and attacks of Vertebrobasilar Ischemia.

Diagnosis of a Stroke must be evidenced by a clinical picture of permanent neurological damage provided from a Computed Axial Tomograph (CAT scan) or a Magnetic Resonance Image (MRI).

(c) Life-Threatening Cancer:  The manifestation of a malignant tumor ( a tumor which is not encapsulated and has properties to infiltrate and cause metastasis) including leukemia and Hodgkin's Disease (except Stage 1 of Hodgkin's Disease.)  The disease must be supported by histological evidence of malignancy.

Specifically excluded from coverage are the following:
i.    pre-malignant tumors or polyps;
ii.   cancer in-situ, intraductal non-invasive carcinoma of the breast, carcinoma of the appendix, Stage 1 transitional carcinoma of the urinary bladder;
iii.  any skin cancers other than melanomas; or
iv.   Stage 1 Hodgkin's disease.

(d) Major Organ Transplant:  The actual undergoing of transplantation of heart, lung, liver or bone marrow, but not as the donor.

(e) Renal Failure:  End stage renal failure presenting as chronic irreversible failure of both kidneys to function, as a result of which regular renal dialysis is instituted or renal transplantation is carried out.

(f) Terminal Illness:  Advanced or rapidly progressing incurable disabling terminal illness where, based on our investigation, the life expectancy is no greater than twelve months.

(2) We will pay 25% of the current Death Benefit of the Policy for the following Covered Conditions.  The Major Heart Surgery benefit is only payable once, regardless of the subsequent occurrence of the same condition or another condition under Major Heart Surgery.  The HIV benefit is only payable once.

(a) Major Heart Surgery

i.    Coronary By-Pass Surgery:  The actual undergoing of coronary by-pass surgery (either saphenous vein or internal mammary graft) following an unequivocal recommendation by a consultant cardiologist for the treatment of coronary disease.
ii.   Heart Valve Replacement:  The actual undergoing of the total replacement of one or more heart valves for the treatment of disease.  Heart valve repair and valvotomy are specifically excluded.
iii.  Aorta Surgery:  The actual undergoing of surgery for disease of the aorta needing excision and surgical replacement of the diseased aorta with a graft.  For the purposes of this definition, aorta means the thoracic and abdominal aorta but not its branches.

Traumatic injury of the aorta is excluded.

Any claim for benefit for Major Heart Surgery must include all of the following:

i.    A report from a consultant cardiologist, to include evidence of prior treatment using appropriate medication.
ii.   Evidence of significant electrocardiogram (EKG) changes.
iii.  Angiographic evidence of the underlying disease.
iv.   An unequivocal recommendation for the procedure from a consultant cardiologist.

The company reserves the right to withhold payment pending the satisfactory evidence that the procedures have been carried out.

CGR-398                                                                                    Page 4

04/22/2008 02:18  15167220619    EMPLOYERS 1ST CHOICE    PAGE 19
APR-21-2008(MON) 16:05    ONE LEGAL    (FAX)1+510+873+0984    P. 020/031

(b) Human Immunodeficiency Virus (HIV) Infection Resulting from a Blood Transfusion: Infection by any HIV will be treated as a Covered Condition only if we are satisfied that the infection was caused by a medically necessary blood transfusion performed in the United States after the Policy Date.

Diagnoses of HIV infection requires all of the following:

    i.   A negative HIV blood test within seventy-two (72) hours of the blood transfusion;
    ii.  A positive HIV test within six (6) months after the transfusion;
    iii. The institution which provided the transfusion admits liability;
    iv.  The Insured is not the only person so infected; and
    v.  The Insured is not a hemophiliac.

(3) We will pay 10% of the current Death Benefit of the Policy for the following Covered Condition. This benefit is only payable once regardless of the subsequent occurrence of the same condition.

    (a) Angioplasty: The actual undergoing of angioplasty, artherectomy or laser treatment for coronary artery disease, which cannot be adequately controlled by medical therapy, following an unequivocal recommendation by a consultant cardiologist.

    Angiographic evidence of the underlying disease must be provided.

(4) We will pay an Annual Benefit for Social Security Disability. The Annual Benefit is 10% of the current Death Benefit of the Policy as of the date the first payment is made for this benefit. We will pay the Annual Benefit for five years, followed a year later by a final payment equal to the remaining Death Benefit of the Policy at that time. All payments after the first payment are payable on the anniversaries of the Eligibility Date. Payments will only be made if the Insured continues to qualify under the Social Security Disability Covered Condition.

Whenever a payment is made under this Covered Condition, the Face Amount of the Policy will be reduced by the amount of that payment. However, in no event will we pay more under the Policy than the Face Amount of the Policy as of the first occurrence of a Covered Condition.

    (a) Social Security Disability: The receipt by the Insured, prior to age 65, of Social Security Disability payments under this Rider will require you to submit to us satisfactory evidence of receipt of Social Security Disability payments from the Social Security Administration.

**Requirements of Diagnosis**

For proof of occurrence, we must be furnished a diagnosis of a Covered Condition by a physician, other than the Insured or a member of the Insured's family, licensed to practice medicine in the United States, including documentation supported by clinical, radiological, histological and laboratory evidence of the Covered Condition. The proof of occurrence must be satisfactory to us and we may require, at our expense, an examination or further tests by a physician of our choice.

**Limitations and Exclusions**

(1) No benefit will be payable for a Covered Condition if a claim results from any of the following:

    (a) the misuse of alcohol or taking of drugs (other than under the direction of a registered medical practitioner other than the Insured or a member of the Insured's immediate family);

    (b) suicide (prior to the second Policy anniversary) or injuries intentionally self-inflicted, whether sane or insane;

    (c) injury received during active participation in a riot, strike or civil commotion, insurrection, war or invasion, or any act incidental thereto;

    (d) the Insured's participating or attempting to participate in any illegal activity.

(2) No benefits will be payable for cancer which is not life-threatening.

CCR-398                                          Page 5

10945035.tif - 4/21/2008 4:17:46 PM

## Notice of Claim

We must be given written notice of claim within thirty (30) days after the Eligibility Date or as soon as reasonably possible. Notice given to the Home Office which is sufficient to identify the Insured is deemed sufficient notice. When we receive the notice of claim, we will send forms for filing Proof of Loss. If we do not furnish these forms within fifteen (15) days of the notice, the person making the claim will have fulfilled the requirements of this Rider for the filing of such proof upon sending us written proof of the Covered Condition, the Insured, and the extent of the loss. This must be done within the time shown in the Rider for filing Proof of Loss.

## Proof of Loss

Written Proof of Loss must be given to us within ninety (90) days after the Eligibility Date. Failure to furnish written Proof of Loss within that time will not reduce or void a claim if it was not reasonably possible to give proof within that time; however, written Proof of Loss may not be furnished later than one year from the time the proof is required, except in cases of legal incapacity.

## Payment of Claim

Upon the proper receipt of written Proof of Loss, we will, within thirty (30) working days, pay benefits or mail you a notice stating the reasons payment was not made in whole or in part or give you a written itemization of information or documents needed to process your claim for benefits. The Policy and this Rider must be in force at the time of the Covered Condition before a benefit is paid. Benefits will be paid to you, or in the event of death, to the named Beneficiary.

## Termination

This Rider will terminate on the earliest of:

(1) The premium due date that falls on or next follows the date that a written request for cancellation of this Rider is received by us;

(2) The maturity or termination of the Policy;

(3) The death of the Insured;

(4) The date on which a sum equal to 100% of the Death Benefit under the Policy has been paid out. In no case will the total benefit paid under the Policy and this Rider exceed 100% of the Face Amount of the Policy.

## Reinstatement

The provisions in the Policy regarding reinstatement apply to this Rider. In addition, the waiting period detailed under "Entitlement to Benefit" will apply from the date of reinstatement.

## Rider Effective Date

The Rider Effective Date is the Policy Date unless changed by endorsement.

Signed for us at Englewood, Colorado.

_Michael J. B. Stone_                                    _Paul Andrews_
Secretary                                                    President

CCR-393                                                                            Page 6

100450.tif - 4/21/2008 4:17:46 PM

ASE NUMBER: CGC-08-473346. LESLIE HUMPHREY VS. COLORADO BANKERS LIFE INS.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | AUG-15-2008 |
| **TIME:** | 9:00AM |
| **PLACE:** | Department 212 |
| | 400 McAllister Street |
| | San Francisco, CA  94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, I would facilitate the issuance of a case management order
without an appearance at the case management conference if the case management
statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10.0 re stipulation to commissioners acting as temporary judges

10490061-4/21/2008 4:11:45 PM

04/22/2008 - 02:18   19167220519                EMPLOYERS 1ST CHOICE          PAGE  22
APR-21-2008(MON) 16:05     UAE LEGAL              (FAX)+(510+873+0984          P. 023/031

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

FOR COURT USE ONLY

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**CASE MANAGEMENT STATEMENT**

(Check one):  ☐ UNLIMITED CASE        ☐ LIMITED CASE
              (Amount demanded          (Amount demanded is $25,000
              exceeds $25,000)           or less)

CASE NUMBER:

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:            Time:            Dept.:            Div.:            Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint  ☐ cross-complaint  (describe, including causes of action):

Form Adopted for Mandatory Use,
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1045035 - 4/24/2008 1:46 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in (check all that apply):

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights:  ☐ Yes  ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy  ☐ Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2007]            **CASE MANAGEMENT STATEMENT**            Page 3 of 4

18945085-R  4/21/2008 4:17:46 PM

04/22/2008  02:18  19167220619                    EMPLOYERS 1ST CHOICE              PAGE  24
APR-21-2008(MON) 18:06   ONE LEGAL                   (FAX)1+510+873+0984             P. 025/031



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

### Judicial Mediation Program

JENIFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation.  Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended.  This program may also be utilized at anytime throughout the litigation process.  The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David J. Ballati | The Honorable James J. McBride |
| The Honorable Anne Bouliane | The Honorable Kevin M. McCarthy |
| The Honorable Ellen Chaitin | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Patrick J. Mahoney | The Honorable Mary E. Wiss |
| The Honorable Tomar Mason | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note:  Space is limited.  Submission of a stipulation to judicial mediation does not guarantee inclusion in the program.  You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
(415) 551-3876

10/07 (jm)

10945035.F- 4/21/2008 4:17:46 PM

04/22/2008  02:18    15167220629                    EMPLOYERS 1ST CHOICE                    PAGE  25

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

ADR-1  10/07 (jo)                                                        Page 1

10945035.tif - 4/21/2008 4:17:46 PM

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys' fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

ADR-1    10/07 (SA)                                                     Page 2

10945035.5f - 4/21/2008 4:17:46 PM

04/22/2008  02:18~   19167220019                EMPLOYERS 1ST CHOICE               PAGE  28
APR-21-2008(MON) 16:07   ONE LEGAL                      (FAX)1451048730091          P. 029/031

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides three different voluntary mediation programs for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-4  7o/07 (5J)                                                   Page 6

10945035.1r – 4/21/2008 4:17:46 PM

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

ADR-1  10/07 (ja)                                                          Page 4

100450035.17 - 4/22/2008 4:17:46 PM

000032

04/22/2008  02:36    19167220619                    EMPLOYERS 1ST CHOICE              PAGE  01
APR-21-2008(MON) 16:07    ONE LEGAL                  (FAX)1+510+873+0984             P. 029/031

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides three different voluntary mediation programs for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-x  10/07 (3J)                                                          Page 6

10945035.tif - 4/21/2008 4:17:46 PM



San Francisco Superior Courts
Information Technology Group

## Document Scanning Lead Sheet

Apr-28-2008 8:47 am

Case Number: CGC-08-473346

Filing Date: Apr-24-2008 8:46

Juke Box: 001    Image: 02103584

SUMMONS ON COMPLAINT FILED BY PLAINTIFF

LESLIE HUMPHREY VS. COLORADO BANKERS LIFE INSURANCE COMPANY et al

001C02103584

**Instructions:**
Please place this sheet on top of the document to be scanned.

Exhibit B                                                000034

APR-24-2008(THU) 13:34    ( 'E LEGAL    (F  `)+510+873+0984    P. 002/006

FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT                    POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Wesley Lowe, 111761<br>MANNION & LOWE<br>655 Montgomery Street Suite 1200<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 733-1050<br>ATTORNEY FOR (Name): Plaintiff | 2008 APR 24   PM 4: 08<br>GORDON  PARK-LI CLERK<br><br>BY_____<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA 94102-0000 | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Humphrey | CASE NUMBER:<br>CGC-08-473346 |
| DEFENDANT/RESPONDENT: Colorado Bankers Life Insurance Company, et al | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>H062 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Errata-Exhibit 1 to Complaint, Notice to Plaintiff, ADR Information Package, Stipulation to ADR, Case Management Statement, Judicial Mediation Program

3. a. Party served: Colorado Bankers Life Insurance Company

   b. Person Served: Daren B. Everett - Person authorized to accept service of process

4. Address where the party was served: 8421 Auburn Blvd. Suite 300
   Citrus Heights, CA 95610

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 4/22/2008    (2) at (time): 3:18 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Colorado Bankers Life Insurance Company

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:       Tyler Dimaria
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947
   c. Telephone number:  415-491-0606
   d. The fee for service was: $ 75.00
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No. 2006-06
         (iii) County SACRAMENTO

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 4/24/2008

Tyler Dimaria
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

FF# 6661134

10358605.tif - 4/24/2008 1:45:33 PM

LINDA M. LAWSON (Bar No. (77130)
KHRYS WU (Bar No. 219041)
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
COLORADO BANKERS LIFE INSURANCE
COMPANY

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 1 6 2008

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| LESLIE HUMPHREY,<br><br>     Plaintiff,<br><br>     vs.<br><br>COLORADO BANKERS LIFE<br>INSURANCE COMPANY, and DOES 1<br>through 50, inclusive,<br><br>     Defendant. | Case No. CGC-08-473346<br><br>ANSWER TO COMPLAINT<br><br>Complaint Filed: March 14, 2008<br><br>Department: 212<br><br>FAXED |

Defendant COLORADO BANKERS LIFE INSURANCE COMPANY ("CBL")
hereby answers plaintiff LESLIE HUMPHREY's ("Plaintiff") Complaint as follows:

1.    Under and pursuant to California Code of Civil Procedure section 431.30(d),
CBL denies, generally and specifically, each and every allegation contained in Plaintiff's
unverified Complaint and each allegation of every cause of action set forth therein, and the
whole thereof, and denies that Plaintiff sustained damages in the sum or sums alleged, or
in any other sum or sums, or at all. CBL further denies that Plaintiff has been damaged in
the sum or sums of money alleged in his Complaint, or at all, by reason of any conduct on
the part of CBL or any of its agents, representatives and/or employees.

1  **AFFIRMATIVE DEFENSES**

2  **FIRST AFFIRMATIVE DEFENSE**

3    2.    CBL alleges that the Complaint, and each purported cause of action alleged

4  therein, fails to state facts sufficient to constitute a cause of action against CBL.

5

6  **SECOND AFFIRMATIVE DEFENSE**

7    3.    CBL alleges that any and all of the actions taken by any officer, employee,

8  and/or agent of CBL were good faith assertions of the rights of CBL and were therefore

9  privileged and/or justified.

10

11  **THIRD AFFIRMATIVE DEFENSE**

12    4.    CBL alleges that if Plaintiff has sustained any damages as alleged in the

13  Complaint, which CBL denies, he failed to mitigate his damages.

14

15  **FOURTH AFFIRMATIVE DEFENSE**

16    5.    CBL alleges that Plaintiff has waived any and all claims that he may have or

17  have had to the relief, if any, referred to in the Complaint.

18

19  **FIFTH AFFIRMATIVE DEFENSE**

20    6.    CBL alleges that Plaintiff is estopped from alleging that CBL caused or

21  contributed to the damages, if any, referred to in the Complaint.

22

23  **SIXTH AFFIRMATIVE DEFENSE**

24    7.    CBL is informed and believes, and on that basis alleges that its purported

25  obligations, if any, as alleged in the Complaint were fully performed.

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    2

ANSWER TO COMPLAINT

000037

## SEVENTH AFFIRMATIVE DEFENSE

8.    CBL is informed and believes, and on that basis alleges that if CBL failed to perform any obligations owed to Plaintiff, which CBL categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff and/or other third parties.

## EIGHTH AFFIRMATIVE DEFENSE

9.    CBL alleges that, without conceding that Plaintiff sustained any damages as alleged in the Complaint, if any such damages were sustained by Plaintiff, Plaintiff failed to and did not exercise ordinary care, caution or prudence on his own behalf and that the alleged damages, if any, either sustained by Plaintiff or referred to in the Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Plaintiff. Accordingly, recovery, if any, on the part of the Plaintiff against CBL must be reduced by a proportionate percentage of the wrong attributable to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

10.    CBL alleges that, without conceding Plaintiff has sustained any damages as alleged in his Complaint, if any such damages were sustained by Plaintiff, they were caused and/or contributed to by the actions and/or negligence of Plaintiff and/or his agents or representatives and/or by persons or entities other than CBL, who at all times were acting without the consent, authorization, knowledge or ratification of CBL, with regard to any and all of the acts alleged in the Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities and/or Plaintiff and/or his agents or representatives.

## TENTH AFFIRMATIVE DEFENSE

11.    CBL alleges that Plaintiff failed to comply with one or more of the conditions precedent to obtaining coverage under the policy at issue in the Complaint.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    3

ANSWER TO COMPLAINT

000038

1

## ELEVENTH AFFIRMATIVE DEFENSE

2      12.    CBL alleges that Plaintiff does not have a Covered Condition under the

3 terms and conditions of the policy at issue in the Complaint and, therefore, he is ineligible

4 for the claimed benefits thereunder.

5

6

## TWELFTH AFFIRMATIVE DEFENSE

7      13.    CBL alleges that Plaintiff's Complaint, and each purported cause of action

8 contained therein, is barred, in whole or in part, by the applicable statute of limitations

9 including, but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338,

10 339, 340 and 343 and California Business and Professions Code Section 17208.

11

12

## THIRTEENTH AFFIRMATIVE DEFENSE

13      14.    CBL alleges that Plaintiff has not supplied CBL with sufficient facts, proof

14 or documentation that would support the payment to Plaintiff of any benefits under the

15 policy at issue in the Complaint.

16

17

## FOURTEENTH AFFIRMATIVE DEFENSE

18      15.    CBL alleges that any and all actions taken by CBL were fair and reasonable

19 and were performed in good faith based on all the relevant facts known to CBL at all

20 applicable times.

21

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23      16.    CBL alleges that the Complaint, and each purported cause of action

24 contained therein, fails to state any facts that would entitle Plaintiff to recover general,

25 compensatory, emotional distress, punitive and/or other damages (including attorney's fees

26 and costs) against CBL.

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    4

ANSWER TO COMPLAINT

000039

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2      17.    CBL alleges that Plaintiff's breach of the covenant of good faith and fair

3    dealing claim ("bad faith") fails because a genuine issue of liability exists.

4

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6      18.    CBL alleges that it breached no duty owed to Plaintiff, if any such duty was

7    owed.

8

9

## EIGHTEENTH AFFIRMATIVE DEFENSE

10      19.    CBL alleges that no representations, other than possibly those expressly set

11    forth in the policy at issue in the Complaint, were made to Plaintiff by CBL or any of its

12    authorized agents, representatives or employees.    CBL further alleges that, without

13    conceding that CBL made any representations to Plaintiff, other than possibly those

14    expressly set forth in the policy at issue in the Complaint, if any such representations were

15    made by CBL or any of its authorized agents, representatives or employees to Plaintiff,

16    Plaintiff did not justifiably or reasonably rely on such representations.

17

18

## NINETEENTH AFFIRMATIVE DEFENSE

19      20.    CBL alleges that each and every statement made by CBL or any of its

20    authorized agents, representatives or employees to Plaintiff, if any, was an expression of

21    opinion and not of existing fact, and therefore Plaintiff's cause of action for fraud is

22    improper.

23

24

## TWENTIETH AFFIRMATIVE DEFENSE

25      21.    CBL alleges that the provisions of California Civil Code Section 1624 bar

26    any and all allegations concerning any oral representations and/or statements that are not

27    expressly contained within the applicable writings, if any, in this action.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C     5
ANSWER TO COMPLAINT

000040

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22.    Without conceding that Plaintiff has suffered any damages as alleged in the Complaint, CBL alleges that if any such damages were sustained by Plaintiff, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23.    CBL alleges that the bases by which punitive damages are imposed pursuant to California statutory and common law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24.    CBL alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage awards constitutes an impermissible punishment of CBL's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.    CBL alleges that granting Plaintiff's prayer for punitive damages against it would violate certain provisions of the Constitution of the United States including but not limited to, the following:    The Fifth and Fourteenth Amendments guarantee CBL due process of the law and are violated by the operation of such vague, imprecise and

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    6
ANSWER TO COMPLAINT

000041

1  impermissible laws regarding both the awarding and the amount of punitive damages as

2  are the laws on which the subject punitive damage claim is based; an award of punitive

3  damages against CBL under the facts of this case would violate due process as being

4  grossly excessive in relation to the legitimate interests of the State of California; the

5  Fourteenth Amendment guarantees CBL equal protection of the laws and is violated by the

6  imposition of punitive damages in that such sanction is discriminatory and arbitrary in

7  penalizing CBL on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the

8  basis for laws governing the processing, convicting and sentencing of criminal defendants

9  and to the extent that the Complaint is subjected to criminal sanction for punitive damages,

10 the burden of proof required to impose the same should be proof beyond a reasonable

11 doubt and punitive damages should not be awarded without affording CBL full range of

12 criminal safeguards afforded by the Constitution and the imposition of punitive damages

13 would violate Article I Section XX of said constitution.  CBL further alleges that in

14 addition to the above, the imposition of punitive damages against CBL would violate

15 similar and related provisions of the Constitution of the State of California.

16

17              **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

18       26.    CBL alleges that the imposition of punitive damages against it would violate

19 California Civil Code Section 3294.

20

21              **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

22       27.    CBL alleges that any and all of the actions taken by it, or any of its officers,

23 employees, and/or agents, were fair and reasonable and were performed in good faith

24 based on all relevant facts known to CBL at the time.  Therefore, CBL alleges that its

25 actions were privileged and Plaintiff is not entitled to a recovery of punitive or exemplary

26 damages against CBL.

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    7
ANSWER TO COMPLAINT
000042

1

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2    28.    CBL alleges that no acts or omissions by CBL constitute the proximate or

3  legal cause of any of Plaintiff's alleged damages.  Therefore, Plaintiff has no valid claim

4  against CBL.

5

6

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7    29.    CBL alleges that each and every act and/or statement, if any, of CBL and/or

8  its agents, representatives, or employees with reference to the matters at issue were made

9  pursuant to and consistent with applicable law.

10

11

### TWENTY-NINTH AFFIRMATIVE DEFENSE

12    30.    CBL presently has insufficient knowledge or information on which to form a

13  belief whether it may have additional, yet unstated affirmative defenses.  CBL reserves the

14  right to assert additional affirmative defenses in the event discovery or further

15  investigation indicates that asserting additional affirmative defenses would be warranted.

16

17

### PRAYER

18    WHEREFORE, CBL prays for judgment in its favor and against Plaintiff as

19  follows:

20    1.    An order dismissing the Complaint, with prejudice, as to all defendants and

21  with respect to all claims for relief;

22    2.    An order declaring that Plaintiff should take nothing by his Complaint;

23    3.    An order declaring that no benefits or damages are payable to Plaintiff under

24  the policy at issue in this matter;

25    4.    For judgment against Plaintiff and in favor of CBL;

26    5.    That CBL recover its costs of suit incurred herein, including reasonable

27  attorneys' fees; and

28    6.    For such other and further relief as this Court deems just and proper.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    8

ANSWER TO COMPLAINT

000043

1

2 | Dated: May _16_, 2008

3

MESERVE, MUMPER & HUGHES LLP
LINDA M. LAWSON
KHRYS WU

4

By: _____

5

Khrys Wu
Attorneys for Defendant
COLORADO BANKERS LIFE
INSURANCE COMPANY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

93399.1

Exhibit C    9
ANSWER TO COMPLAINT

000044

1

## PROOF OF SERVICE BY MAIL

2

3  STATE OF CALIFORNIA            )
                                  )    ss.:
4  COUNTY OF LOS ANGELES          )

5

6  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

7

8  On May 16, 2008, I served on interested parties in said action the within:

ANSWER TO COMPLAINT

9

by placing a true copy thereof in sealed envelope(s) addressed , as stated below:

10

11  E. Gerard Mannion, Esq.
    Wesley M. Lowe, Esq.
12  Mannion & Lowe
    655 Montgomery Street, Suite 1200
13  San Francisco, CA 94111

14

15  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

16

17

18  Executed on May 16, 2008, at Los Angeles, California.

19  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

22  ANITA DE LEON                         _Anita De Leon_
    (Type or print name)                      (Signature)

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA       )
                                    ) ss.:
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

     On May 21, 2008, I served on interested parties in said action the within:

NOTICE OF REMOVAL OF ACTION TO UNITED
STATES DISTRICT COURT

     by placing a true copy thereof in sealed envelope(s) addressed, as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

E. Gerard Mannion, Esq.
Wesley M. Lowe, Esq.
Mannion & Lowe
655 Montgomery Street, Suite 1200
San Francisco, CA 94111

     I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

     Executed on May 21, 2008, at Los Angeles, California.

     I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

|  |  |
|---|---|
| ANITA DE LEON | _Anita De Leon_ |
| (Type or print name) | (Signature) |