LINDA M. LAWSON (Bar No. 77130)
LLawson@mmhllp.com
KHRYS WU (Bar No. 219041)
KWu@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
COLORADO BANKERS LIFE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HUMPHREY,<br><br>            Plaintiff,<br><br>     vs.<br><br>COLORADO BANKERS LIFE INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>            Defendant. | Case No. C08-02559 EMC<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>[F.R.C.P. 16 and 26]<br><br>Date:  August 27, 2008<br>Time:  1:30 p.m.<br>Ctrm:  C |

Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26(f), this Court's Order, and the Local Rules of this Court, plaintiff LESLIE HUMPHREY ("Plaintiff") and defendant COLORADO BANKERS LIFE INSURANCE COMPANY ("CBL") (Plaintiff and CBL are hereinafter sometimes collectively referred to as "the parties"), by and through their respective counsel of record, hereby jointly submit this Case Management Statement.

1. **Jurisdiction and Service.**

This action was removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. Sections 1332, 1441(b) and 1446, in that the suit has been brought between citizens of different states and the amount in controversy exceeds

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95608.1

1

JOINT CASE MANAGEMENT
STATEMENT

the sum of $75,000, exclusive of costs and interest. The suit is one of a civil nature over which the United States District Court has original jurisdiction.

There are no issues at this time concerning personal jurisdiction or venue, and all parties have been served. Plaintiff does not anticipate naming any additional parties to the action, but reserves his right do so.

## 2. Facts.

Plaintiff seeks relief for breach of contract, breach of the implied covenant of good faith and fair dealing and fraud. These claims arise out of Plaintiff's alleged entitlement to benefits under the Critical Condition Accelerated Benefit Rider of a Renewable and Convertible Term Life Policy (the "Policy") issued by CBL.

In or about September 2007, Plaintiff filed a claim for benefits under the Policy, alleging that he was entitled to benefits in that he was diagnosed with hepatocellular carcinoma (liver cancer) with hepatitis C. CBL obtained Plaintiff's medical records and conducted an investigation of his claim. On or about January 17, 2008, CBL denied Plaintiff's claim.

## 3. Legal Issues.

The principal legal issues are:

1. Whether Plaintiff is entitled to benefits pursuant to the terms and conditions of the Policy.
2. Whether CBL breached its duty of good faith and fair dealing in the handling of Plaintiff's claim for benefits.
3. Whether CBL is liable to Plaintiff for fraud.
4. Whether CBL should pay damages to Plaintiff in the form of compensatory and/or punitive damages.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95608.1

2

JOINT CASE MANAGEMENT
STATEMENT

**4. Motions.**

There are no prior or pending motions.

The parties do not anticipate filing dispositive motions at this time, but reserve the right do so as discovery progresses.

**5. Amendment of Pleadings.**

At this time, the parties do not anticipate the joinder of any additional parties or claims to this action, nor do they anticipate amending the pleadings. Plaintiff does not anticipate naming any additional parties to the action, but reserves his right do so. The parties recommend the deadline for amending the pleadings be set for September 29, 2008.

**6. Evidence Preservation.**

Documents Bates Stamp numbered HUMply00001 through HUMply00025 and HUMclm00001 through HUMclm00300 which include, but are not limited to, the Policy at issue and all non-privileged documents in the claim file and all other files currently in CBL's possession, custody, and control relating to the claims raised in Plaintiff's Complaint, have been produced to Plaintiff. CBL is producing the entire claim file as it is kept in the general course of business. CBL hereby reserves the right to add to or otherwise modify this list, should additional documents or information be located.

**7. Disclosures.**

The claim file (with the exception of privileged documents) has been produced to Plaintiff. Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, initial disclosures will be served on or before August 20, 2008.

8. **Discovery.**

    1.    **Disclosures per FRCP 26(a)**

Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, initial disclosures will be served on or before <u>August 20, 2008</u>.

    2.    **The Subjects and Forms of Discovery**

Plaintiff anticipates that his discovery will address the alleged acts and/or omissions of CBL which Plaintiff contends give rise to the claims for relief asserted in the Complaint.

CBL's discovery will address the issues surrounding Plaintiff's medical condition, as well as Plaintiff's claimed damages.

    3.    **Expert Disclosures**

The parties propose that expert witness disclosures pursuant to F.R.C.P. 26(a)(2) be conducted 60 days before the trial date, unless the parties later stipulate otherwise.

9. **Class Actions.**

Not Applicable.

10. **Related Cases.**

None.

11. **Relief.**

Plaintiff seeks compensatory and punitive damages.

12. **Settlement ADR.**

The parties are exploring an early resolution to this matter. The parties have stipulated to purse private ADR, with a cut-off date of <u>December 31, 2008</u>.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95608.1

4

JOINT CASE MANAGEMENT STATEMENT

### 13. Consent to Magistrate Judge for All Purposes.

The parties consent to proceed before the assigned United States Magistrate Judge for further proceedings.

### 14. Other References.

The parties do not believe that this matter is suitable for other references at this time.

### 15. Narrowing of Issues.

The parties do not believe the issues can be narrowed any further at this stage of the litigation.

### 16. Expedited Schedule.

The parties do not believe that this case should be handled on an expedited basis.

### 17. Scheduling.

a. Amendment of Pleadings:          September 29, 2008
b. ADR Completion:                   December 31, 2008
c. Discovery Cut-Off (incl. related motions): March 16, 2009
d. Expert Witness Exchange Deadline: April 30, 2009
e. Motion hearing Cut-Off:           May 11, 2009
f. Final Pre-Trial Conference:       June 15, 2009
g. Trial:                            June 30, 2009

### 18. Trial.

The parties estimate that the trial of this matter will last no more than 5 days. Plaintiff has demanded a jury trial in his Complaint.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95608.1                           5                    JOINT CASE MANAGEMENT
                                                       STATEMENT

19. **Disclosure of Non-party Interested Entities or Persons.**

Each party has filed the required disclosure statement.

For further clarification to its Certification of Interested Entities or Persons, CBL asserts that pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: CBL is wholly owned by Preferred Financial Corporation, which is wholly owned by Health Care Service Corporation.

20. **Other Matters.**

None at this time.

Dated: August 19, 2008

MESERVE, MUMPER & HUGHES LLP
LINDA M. LAWSON
KHRYS WU

By: /s/ Khrys Wu
Khrys Wu
Attorneys for Defendant
COLORADO BANKERS LIFE
INSURANCE COMPANY

Dated: August 18, 2008

MANNION & LOWE
E. GERARD MANNION
WESLEY M. LOWE

By: /s/ Wesley M. Lowe
Wesley M. Lowe
Attorneys for Plaintiff
LESLIE HUMPHREY

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95608.1

6

JOINT CASE MANAGEMENT
STATEMENT