**United States District Court**
For the Northern District of California

1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF CALIFORNIA

8

9   Leslie Humphrey,

10              Plaintiff,                    No. CV08-02559 EMC

11      v.                                    **CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL**

12   Colorado Bankers Life Insurance Company,
     et al.,

13

14              Defendant.

15   _____/

16

17      Following the Case Management Conference held on **8/27/2008**, IT IS HEREBY ORDERED

18   THAT:

19      A further case management conference is set for **12/17/2008 at 2:30 p.m.** before Magistrate

20   Judge Chen in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San

21   Francisco, California.  Updated joint case management conference statement is due **12/12/2008.**

22      Pursuant to Fed.R.Civ.P. 16, IT IS FURTHER ORDERED THAT the following case

23   management and pretrial order is entered:

24   1.      TRIAL DATE

25      a.      Jury trial will begin on **8/24/2009 at 8:30 a.m. in Courtroom C**, 15th Floor, 450

26   Golden Gate, San Francisco, CA 94102.

27      b.      The length of the trial will be not more than **5 days.**  Court hours for trial are 8:30

28   a.m. to 1:30 p.m.  Wednesdays are reserved for law and motion and other matters.

**United States District Court**

For the Northern District of California

1  2.    DISCOVERY

2       a.    All non-expert discovery shall be completed by **8/4/2009.**

3       b.    Depositions:

4       c.    Each side shall be limited to **(2) depositions**, early disclosures, and narrowly tailored

5  written discovery prior to completion of mediation.  Further discovery to be discussed at the next status

6  conference should the case not settle at mediation.

7       d.    Experts shall be disclosed and reports provided by plaintiff and defendant by **8/4/2009.**

8       e.    Rebuttal experts shall be disclosed and reports provided by **5/26/2009.**

9       f.    All discovery from experts shall be completed by **4/21/2009.**

10       g.    Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve

11  disputes during a discovery event, such as a deposition, where the resolution during the event likely

12  would result in substantial savings of expense or time.

13  3.    MOTIONS

14       The last day for hearing dispositive motions shall be **4/7/2009.**  Dispositive motions  shall be

15  served and filed no later than thirty-five (35) days prior to the scheduled hearing date.  Any

16  opposition shall be served and filed no later than twenty-one (21) days prior to the hearing date.

17  Any reply to the opposition shall be served and filed no later than fourteen (14) days prior to the date

18  of the hearing.

19  4.    ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

20       The parties have stipulated to Private ADR.  ADR to be completed by **12/31/2008.**

21  5.    PRETRIAL CONFERENCE

22       a.    A pretrial conference shall be held on **4/7/2009 at 3:00 p.m.** in Courtroom C, 15th

23  Floor.  Lead counsel who will try the case (or the party if *pro se*) must attend.  The timing of

24  disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall

25  be governed by this order.

26       b.    **6/9/2009,** thirty (30) days prior to the date of the pretrial conference, lead counsel

27  shall meet and confer regarding:

28           (1)    Preparation and content of the joint pretrial conference statement;

United States District Court
For the Northern District of California

1         (2)     Preparation and exchange of pretrial materials to be served and lodged

2                 pursuant to paragraph 5(c) below; and

3         (3)     Settlement of the action.

4     c.    **5/26/2009**, twenty (20) days prior to the pretrial conference, counsel and/or parties

5   shall:

6         (1)     Serve and file a joint pretrial statement that includes the pretrial disclosures

7                 required by Federal Rule of Civil Procedure 26(a)(3) as well as the following

8                 supplemental information:

9              (a)   *The Action.*

10                    (i)   <u>Substance of the Action.</u>  A brief description of the substance

11                          of claims and defenses which remain to be decided.

12                    (ii)  <u>Relief Prayed.</u>  A detailed statement of all the relief claims,

13                          particularly itemizing all elements of damages claimed as well

14                          as  witnesses, documents or other evidentiary material to be

15                          presented concerning the amount of those damages.

16              (b)   *The Factual Basis of the Action.*

17                    (i)   <u>Undisputed Facts.</u>  A plain and concise statement of all

18                          relevant facts not reasonably disputable, as well as which facts

19                          parties will stipulate for incorporation into the trial record

20                        without the necessity of supporting testimony or exhibits.

21                    (ii)  <u>Disputed Factual Issues.</u>  A plain and concise statement of all

22                          disputed factual issues which remain to be decided.

23                    (iii)  <u>Agreed Statement.</u>  A statement assessing whether all or part of

24                        the action may be presented upon an agreed statement of facts.

25                    (iv)  <u>Stipulations.</u>  A statement of stipulations requested or proposed

26                        for pretrial or trial purposes.

27              (c)   *Disputed Legal Issues.*

28

**United States District Court**
For the Northern District of California

1   Without extended legal argument, a concise statement of each

2   disputed point of law concerning liability or relief, citing

3   supporting statues and decisions.

4   (d)   *Trial Preparation.*

5   (i)   <u>Witnesses to Be Called.</u>  With regard to witnesses disclosed

6   pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A),

7   a brief statement describing the substance of the testimony to

8   be given.

9   (ii)   <u>Estimate of Trial Time.</u>  An estimate of the number of hours

10   needed for the presentation of each party's case, indicating

11   possible reductions in time through proposed stipulations,

12   agreed statements of facts, or expedited means of presenting

13   testimony and exhibits.

14   (iii)   <u>Use of Discovery Responses.</u>  Designate excerpts from

15   discovery that the parties intend to present at trial, other than

16   solely for impeachment or rebuttal, from depositions

17   specifying the witness page and line references, from

18   interrogatory answers, or from responses to requests for

19   admission.

20   (e)   *Trial Alternatives and Options.*

21   (i)   <u>Settlement Discussion.</u>  A statement summarizing the status of

22   settlement negotiations and indicating whether further

23   negotiations are likely to be productive.

24   (ii)   <u>Amendments, Dismissals.</u>  A statement of requested or

25   proposed amendments to pleadings or dismissals of parties,

26   claims or defenses.

27   (f)   *Miscellaneous.*

28

Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony or any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions jointly.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the mane of the sponsoring witness;

(5) Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use umbers; defendant shall use letters) and <u>tabbed</u>; and

(6) Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not to be filed).

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of the Court and for good cause.

d. **6/23/2009,** ten (10) days  prior to the pretrial conference, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion <u>in limine</u>.  No replies shall be filed.

e. All motions <u>in limine</u> and objections shall be heard at the pretrial conference.

6. <u>JURY TRIAL</u>

**United States District Court**
For the Northern District of California

1        a.    The attached voir dire questionnaire shall be given to the venire members to be

2    answered orally in Court.  Counsel shall submit an <u>agreed upon set</u> of additional voir dire questions

3    to be posed by the Court.  Any voir dire questions on which counsel cannot agree may be submitted

4    separately.  Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

5        b.    The following jury instructions from the <u>Manual of Model Civil Jury Instructions for</u>

6    <u>the Ninth Circuit</u> (1997 Edition) shall be given absent objection:  1.01 - 1.12, 2.01 - 2.02, 3.01 -

7    3.03, 3.05 - 3.08.  Counsel shall submit jointly an agreed upon set of case specific instructions, using

8    the Ninth Circuit Manual where appropriate.  Do not submit duplicates of those listed above.  Any

9    instructions on which counsel cannot agree may be submitted separately.  Each requested instruction

10   shall be typed in full on a separate page with citations to the authority upon which it is based <u>and</u> a

11   reference to the party submitting it.  A second blind copy of each instruction and verdict form shall

12   also be submitted omitting the citation to authority and the reference to the submitting party.

13   7.    All documents filed with the Clerk of the Court shall list the civil case number followed by

14   the initials "EMC".  One copy shall be clearly marked as a <u>chambers</u> copy.  Chambers' copies shall

15   be three-hole punched at the left side, suitable for insertion into standard binders.  In additions, all

16   proposed jury instructions, motions in limine, forms of verdict and trial briefs shall be accompanied

17   by diskette containing a copy of the document formatted in WordPerfect 6.1 (Windows) or 8.0

18   (Windows).

19
20   Dated: August 28, 2008           _____

21                               EDWARD M. CHEN
                            United States Magistrate Judge

22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

<u>JUROR QUESTIONNAIRE</u>

Please stand and recite the information listed below.

1. Your name:

    a.    Juror Number

2. City in which you reside:

    a.    How long have you lived there?

    b.    If less than 5 years,  where did you live before?

3. Your marital status

    (single,       married,       separated,       divorced,       widowed)

4. If you are married, please list your spouse's name and occupation.

5. If you have children, their ages and (for adult children) their occupations.

6. What is your current occupation and how long have you worked in it?  (If you are retired, please describe your main occupation when you were working).

7. Who is (or was) your employer?

    a.    What are your primary job duties?

    b.    Do you supervise or manage other people?

    c.    How long have you worked for this employer?

8. If you have ever worked in any different occupation than you current occupation, please describe.

9. Please describe your educational background.

    Highest grade completed:

    College and/or vocational schools you have attended:

    Major areas of study:

10. Please describe any other special skills or training that you have.

11. Have you ever served in the military? If so, what branch?

    What was your highest rank achieved?

12. Do you belong to any organizations? (Please list)

13. What do you do in your spare time? Do you have any hobbies?

14. Please review the attached list of names.  Do you know any of the people or entities on the list?  If yes, please state whom you know and how.